The central question before this court is straightforward. Did Mr. Erwine's Standard Form 95 provide the minimal notice required under the Federal Tort Claims Act to exhaust his administrative remedies? The record makes clear that it did, and the district court imposed requirements far beyond what this circuit's precedents demand. The Claims Act waives sovereign immunity for claims against the United States arising from negligent or wrongful conduct by federal employees acting within the scope of their employment, and, provided, administrative remedies are exhausted. This court has repeatedly defined what exhaustion requires, and it has done so in terms that are minimal and claimant-friendly. In Warren v. BLM, this court held that a claim on the FTCA is presented when a plaintiff files a written statement describing the injury to enable the investigation and a some certain damages claim. That's our in-bank case, yes? Yes, it is, Your Honor. The Warren court further clarified, citing Avery v. U.S., that minimal notice requires claimants to give an agency sufficient written notice to commence an investigation and place a value on its claim, and further held that even a skeletal claim form containing only the bare elements of notice of accident and injury accompanied by a some certain representing damages suffices to meet these requirements. The court reinforced this standard in Chippeck v. U.S., holding that the FTC has the requirements met when a claimant provides minimal information describing the injury to enable agency investigation. And in Goodman v. U.S., this court went even further, holding that the notice requirement is minimal and that the plaintiff's administrative claims are sufficient, even if a separate basis for liability arising out of the same incident is later pled in federal court. Now turning to Mr. Irwine's Form 95, it was timely submitted following his termination and provided sufficient written notice of his injury, which is clearly his termination. The Form 95 stated that Mr. Irwine was terminated and included a fact section noting that from the beginning of his employment until his termination, he had not been found to have committed any misconduct which would warrant termination under the tribe's policies, and that he was denied a hearing and given no meaningful opportunity to be heard as reflected in the record. He also included a some certain personal injury amount. These statements combined with that damaged claim sufficiently notified the United States of tort claims such as wrongful termination and bad faith discharge at issue before the court today, enabling the agency to begin its investigation, and moreover, the record confirms that that's actually what happened. The department's own denial letter of Mr. Irwine's claims demonstrates they understood Mr. Irwine's claim to be based on his termination, that that was his injury as they said so specifically. Mr. Ruspe, was the form required to mention, you know, one of the tortious discharge or the wrongful termination claims, I think the district court noted was that Mr. Irwine was fired because he refused to follow unlawful orders, and that was not specifically mentioned in the claim itself to the agency. Is that fatal to your case? We don't believe it is, Your Honor, because that's an element of a claim that was brought and you're not required under the statute or this court's interpretation of the statute to state what your claim is or even elements of your claim. And we did state in the Form 95 that he didn't do anything that would justify his termination, inviting the agency to do an investigation of the totality of the facts and circumstances surrounding his termination. Now Goodman explicitly held that the claims are sufficient even if a separate basis is pled, and that's, you know, that's what we did here. The thing that the claim, Form 95 focused on, which was kind of the overarching issue in this entire case, is that Mr. Irwine was an officer for the tribe. The tribe discovered at some point, his fellow officer defendants, not the tribe, discovered at some point that he had an existing lawsuit against another police agency. From that moment on, his employment became incredibly difficult. He was accused of misconduct that he clearly didn't commit. He was subject to reinvestigation for misconduct, which he was cleared from, and then he was fired by these tribal defendants without being able to avail himself of the grievance process at the tribe, which he was clearly entitled to do. And he knew that because he had done it before. He'd been accused of misconduct before for failure to arrest a guy for a DUI where the guy wasn't intoxicated. He challenged that determination before the tribe's internal review board and was cleared. So, the denial of due process itself isn't a limited concept, a concept that's limited to a constitutional claim only, which is, I think, where the district court went astray. It basically said due process necessarily means the U.S. Constitution. But when we mentioned due process in the claim form, we're referring to the tribe's due process, the grievance process to which Mr. Irwine was entitled to avail himself because he was a post-probationary employee. That forms, you know, a nucleus of fact that runs through this case and, you know, the basis for his claim in his Form 95. Now, turning, if I may, very briefly, I'd like to reserve three minutes for rebuttal if I may. I'm supposed to do that at the beginning. I'm sorry. But I don't think there's been any presentation of any cases to this court where a person has done what Mr. Irwine done, stated clearly what his injury was, made a some certain damage claim, and then a court finding that that wasn't sufficient for exhaustion under the FTCA. And this is similar to the concept you see in insurance law. When you get into a car accident, you're not required to plead a claim when you put your insurance company on notice that you've been injured. You're required to send, basically provide them with notice that, hey, there was an accident and I've been injured. And the FTCA follows that same format. It's essentially an insurance regime for the federal government to try and resolve claims early if possible by enabling sufficient information to conduct an investigation. And we think Mr. Irwine clearly did that here. The district court went far beyond what was required, basically stating that we didn't include elements or statements of what the claims were. But that isn't the law, based on our understanding. It's notice of the injury, not of the claim. And they were basically, the district court subscribed to the view that was submitted by the U.S. attorney before the district court that we didn't plead something that would be plausible in our Form 95. But we think that's a completely different, you know, standard that doesn't apply at all. The plausibility standard comes into play when you actually file your case in district court and make claims. You're not required to do that under the FTCA. And with that, I'd like to reserve three minutes for Robotol Femi, Your Honors. Yes. Good morning, Your Honors. Assistant United States Attorney Edwin Martinez, on behalf of the United States, may please the court. Appellant failed to provide notice of injury in his administrative claims prior to filing his state tort claims in federal court in two ways. First, the constitutional due process rights violations enumerated in his SF-95 are not recognizable under the Federal Tort Claims Act. And because these are separate rights provided under a different source, he failed to provide proper notice. Second, Appellant's SF-95 does not sufficiently describe the injury or even generally state the date, the time, the cause, and nature of the alleged injuries that he claims. As is required under Avery v. United States and then Goodman v. United States. So, counsel, I'm starting with the language in our in-bank decision in Warren. Yes. What's required is a written statement. We have a written statement, right? Yes, we do, Your Honor. And then it says sufficiently, and it also requires a some certain. We have that, right? That's correct. So, the other requirement that we have in Warren is sufficiently describing the injury to enable the agency to begin its own investigation. Now, the agency began an investigation, right? That's correct, Your Honor. So, the agency had enough information to actually begin an investigation. Yes, but... And in fact, in the denial letter, the agency had this for about six months, right? Correct. And it said, this claim arises from the termination of claimant from his position as a police officer. So, from the Washoe tribe on March 4, 2022. So, they knew he was complaining about being fired. They knew he was complaining about who fired him. And they knew when he was fired, right? Yes, Your Honor. But what they didn't know... And then the letter says, after reviewing this claim and the applicable law, I hereby deny this claim. So, where is it that from our language in Warren, where you need to have a sufficient description to enable the agency to begin its own investigation? And we know the agency began and ended its investigation. How is it that this was sufficient under the law? Your Honor, it isn't sufficient because the specific torts that he claims later in federal court, the tortious discharge and the bad faith discharge claims, require a certain level of notice that is not like the cases in Goodman or Rooney. It's not a straightforward negligence case where, for instance, in Rooney, where the court held that notice of allegations of negligence for the fall itself can be inferred by his administrative claim alleging received negligent medical care. Or in Goodman, where the court held that asserting medical malpractice sufficed to provide notice of injury as to lack of informed consent. This case is different. Well, I mean, the court also said in Goodman, the notice requirement under 2675 is minimal and a plaintiff's administrative claims are sufficient even if a separate basis of liability arising out of the same incident is pled in federal court. Our position, Your Honor, is that this is not just a different basis of liability for the same incident, but it's under a completely different source of law, which is constitutional due process rights that he's claiming in the SF-95 and not tort law, state tort law, which is what is required under the FDCA. But if that's so, then that would mean that there's a requirement to plead a legal theory and our cases consistently reject that notion. So what case would you rely on for the proposition that someone has to assert a legal theory within the claim notice? The argument is not that they have to assert a legal theory, Your Honor, but that... Or even a source of law. That the injury... Or even a source of law. Well, in Goodman, right, the court did go back to statutory interpretation and legislative intent. They looked at statutory precedent to resolve the issue of ambiguity as to what is sufficient notice. And in that case, and as well as in Avery, it was Avery and then Goodman, the court stated this language so that there could be the time, the cause, and the nature of the alleged injuries could be actually stated in the administrative claims. And that wasn't done here. So it's more than just skeletal or minimal claims, but it has to also include certain details like the time, date, cause, and nature of the alleged injuries, which you didn't do so here. What the case law says, as Judge Bennett noted, is it has to be... The form has to contain information sufficient to put the government on notice to commence an investigation, right? And as you noted, the government did undertake an investigation. How would the investigation have been different if Mr. Irwine's Form 95 had been perfect? That is, if it said word for word what he later said in his claims 6 and 7 in his complaint? How would the investigation have been different? We're not contending that it should have been perfect or that it should have stated his claims. But at the very least, State, I was terminated for refusing to follow or obeying unlawful orders, which is a policy violation under state tort law. My question is a little bit different. How would the investigation have been different if the Claim Form 95 had said what you think it needed to say? Well, the congressional intent under... As part of the congressional intent of the FTCA is to allow the government to legally recognize what the injuries are, what the claims are, so that they can then address them. They can settle the matter. Counselor, I don't think you're answering my colleague's question. I think we understand the point of the government as to what the statute does and doesn't require. But I think my colleague... But I know my colleague's question is different. How would the government's investigation have been different if the form had been as you say it should have been? And if you don't know, you can say that. If it wouldn't have been different, you can say that. And we understand your point that you think that it's irrelevant whether the investigation would have been different or not. But could you please answer my colleague's question? Yes, Your Honor. I believe I was answering the question. The investigation, I think, could have went differently if the government was aware that appellant was relying on a policy violation based on state tort law, and therefore tried to negotiate and settle the matter instead of denying the claim at that level. I think that that's the difference that it could have made if there was notice of the actual injury. The claim denial... I'm sorry. Go ahead, Your Honor. The claim denial letter that Judge Bennett read from specifically said, I'm paraphrasing, we read, claim arises from the termination of claimant from his position as a police officer with the tribe. After viewing this claim in applicable law, I hereby deny this claim. So it appears there was an investigation about the termination of Mr. Irwine's position as a police officer. His claims are for tortious discharge and bad faith discharge of employment. I just don't see how the investigation would have been different, which is what the case law requires. That is, requires a plaintiff to exhaust his administrative remedies by putting the government on notice of what investigation they need to commence. Well, Your Honor, in Goodman, the case looked at the language in Murray, the Seventh Circuit case to... That case was specifically about lack of informed consent, right? Both Goodman and Murray. But the court looked into the holding in Murray as persuasive authority because in that case, it was a little bit different than just a regular negligent, allegations of negligence for the injury. And there, the court held that it has to... The language in the administrative claim has to at least include or at least allude to the issue that you later claim in federal court. And I think that's useful language to apply in this case as well. That this case is... The torts that he's alleging later in his federal complaint are... Require some more notice than is required in a regular negligence. So, counsel, did the interior solicitor have the... Who denied the claim, did that office have the ability to seek further information from the claimant? I believe they may have, Your Honor, I'm sure. Back in the last century, when I was in AUSA, administrative agencies routinely asked claimant's attorneys for information if they thought it would help them resolve the case or conclude their investigation. To your knowledge, does that still go on? My understanding is that we do endeavor to do that, Your Honor, to try to resolve matters before they go to litigation, yes. If the solicitor had thought there were deficiencies in the form that impeded their ability to begin an investigation, they could have contacted Mr. Busby, who I believe's name was on the letter, and said, we need more information in order to be able to begin our investigation and appropriately resolve this. Sure, yes. Alternatively, I'm not sure that I have time to get into the exceptions, the discretionary function exception, but the court, the district court didn't get to that. Do you develop that argument in your brief? We briefly talk about the discretionary function exception in the brief, Your Honor, but I'll rely on our briefs. Thank you. Thank you. Thank you, Your Honors. I'll be very brief. The sufficiency test is whether the injury was sufficiently described to enable the agency to conduct the investigation. There's no real, genuine, disputed issue of fact that actually occurred here. And tortious discharge and bad faith discharge claims are part of the ambit of potential tort claims that can arise in the state of Nevada when someone alleges an injury resulting from their termination. I think, basically, if the court were to accept the U.S. Attorney's argument here and my friend on the other side, they would essentially be overruling Goodman and requiring claimants to state with specificity elements or the types of claims that they want to bring later when they fill out a 495, and that's just not the case in the existing law as we see it here. And to answer the court's question, we don't think the investigation would have been any different at all. There were some things that occurred that are outside of the record, but I did reach out to the attorney who was handling the claim. We briefly discussed, but there was no mention that he thought our claim was insufficient because it alleged a constitutional claim, but it didn't. So you should probably stick to what's in the record. I'm sorry, Your Honor. I apologize. Just sticking to what's in the record, we never alleged a due process violation under the United States Constitution, simply that Mr. Irvine was able to avail himself of tribal remedies and was denied that, and that denial itself clearly can form the basis for a bad faith tortious discharge claim in the state of Nevada. It's kind of a creature of the breach of the implied covenant of good faith and fair dealing in the state of Nevada, and sometimes it takes on the nature of a tort, sometimes it takes on the nature of a contract claim, and if you allege a special relationship, it is a tort in the state of Nevada, and I think the U.S. Attorney's Office would have known that when investigating Mr. Irvine's claims based on the facts we alleged. And with that, if the court has any further questions, I'm glad to answer them. No, thank you. We thank counsel for their arguments. The case just argued is submitted, and with that, we will move to the final case on the argument calendar, the related case of Irvine v. Westbrook.
judges: BENNETT, SANCHEZ, Holcomb